*E-Filed 11/12/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARTA GOMEZ, RAMONA HERNANDEZ, MARIA HERRERA, ELSA ACEVEDO, MARIA ALVAREZ, SALVADOR GALLARDO, MARIA VEGA, TARCISIO VEGA, JOSE TASAYCO, OLGA LOAIZA, ESPERANZA J. LOPEZ, MANUAL LOPEZ, JOSE A. LUNA, RUTILIO RIVAS, and CAROLINA RODRIGUEZ, individually and on behalf of all others similarly situated | **No. C 10-01888 RS** |
| | **ORDER (1) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; (2) DENYING MOTION FOR A MORE DEFINITE STATEMENT; (3) GRANTING MOTION TO STRIKE DOE DEFENDANTS; AND (4) DENYING MOTION TO STRIKE CLASS ALLEGATION** |
| Plaintiffs, | |
| v. | |
| SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 87, SERVICE EMPLOYEES INTERNATIONAL UNION, and DOES 1 through 10, inclusive, | |
| Defendants. | |
| _____/ | |

**United States District Court**
For the Northern District of California

1

**United States District Court**
For the Northern District of California

## I.      INTRODUCTION

This case arises out of alleged discrimination against certain members of Local 87 of the Service Employees International Union ("Local 87" or the "union").  Plaintiffs First Amended Complaint ("FAC") states claims for relief for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), and for violations of the California Fair Employment and Housing Act ( "FEHA").  Cal. Gov't Code §§ 12940, *et* seq.  Local 87 has filed a motion to dismiss or, in the alternative, a motion for a more definite statement.  For the reasons stated below, the motion to dismiss is granted without leave to amend in part and is denied in part, and the motion for a more definite statement is denied.  In the motion to dismiss, Local 87 also moves the Court to strike the use of Doe defendants and requests that the Court deny class certification.  For the reasons stated below, the request to deny class certification is denied without prejudice and the motion to strike the use of Doe defendants is granted.

## II.      BACKGROUND

Plaintiffs are janitors of Hispanic origin and members of Local 87, the local affiliate of the Service Employees International Union, AFL-CIO.  Local 87 has over 3,000 members consisting mainly of janitorial employees working under contracts between the union and building maintenance companies.  These companies in turn contract with various buildings in which the union members work.  The union, a "labor organization" as defined under Title VII, is the duly certified collective bargaining representative for its members and operates a "hiring hall" that is the exclusive means of hiring for positions that the members fill.  As alleged in the FAC, Local 87 and the maintenance companies have a Collective Bargaining Agreement ("CBA") that establishes, for example, rules of seniority governing how union members must be hired, working terms and conditions, and procedures for grievances to be pursued by the union on behalf of its members for employer violations of the CBA.

The FAC alleges that, in or about 2005, plaintiffs perceived a pattern of discrimination against Hispanic members in the leadership of Local 87.  In particular, the FAC avers, Local 87

2

United States District Court

For the Northern District of California

discriminated in the following ways: (1) by denying Hispanic members employment positions or referring them to inferior positions; (2) by advancing members of other ethnicities and national origins in contravention of the seniority rules; (3) by failing to pursue grievances against employers on behalf of Hispanic members; (4) by failing to hire representatives who would defend the interests of Hispanic members; (5) by denying Hispanic members certain rights of union membership, such as the right to attend meetings and to hold union positions; (6) by harassing Hispanic members in the union hall; (7) by providing less opportunities for training and support to Hispanic members than those given to non-Hispanic members; (8) by requiring Hispanic members to take positions in less preferred locations as a condition of promotion or hiring; (9) and by retaliating against those Hispanic members who complained of rules violations.  In addition to operating the union in a discriminatory and harassing manner, the FAC avers that union leadership, including president Olga Miranda and vice-president Ahmed Abozayd, made a number of discriminatory comments that betray the biased manner in which they made decisions.  For instance, Miranda allegedly said, "The only [members] I care about are the Chinese and Arabic members," and refused to approve eight positions at a potential employer "because they are all Latino."  FAC ¶¶ 36, 61.  Similarly, Abozayd allegedly asked a union foreman who had attempted to assist an Hispanic member, "Why are you helping these stupid Latinos?"  FAC ¶  58.

The FAC also makes a number of averments regarding specific acts of discrimination experienced by each of the named plaintiffs.  For instance, according to the FAC, Miranda and Abozayd actively sought to bar plaintiff Herrera from attaining certain union offices or from attending meetings in retaliation for her complaints about the union's failure to represent Hispanic members in their complaints for discrimination and for her actions as a whistleblower concerning discriminatory enforcement of the CBA.  In other examples, the FAC avers that when plaintiff Jose Tasayco was passed over for a position by a Middle Eastern man with less seniority, Abozayd told him, "I'm not going to take out an Arab for you," and when plaintiff Salvador Gallardo was fired on a pretextual basis to facilitate the hiring of a Middle Eastern janitor, the union refused to represent him.  FAC ¶¶ 50-51.

**United States District Court**
For the Northern District of California

According to the FAC, each of the named plaintiffs filed charges of national origin discrimination against Local 87 with the United States Equal Employment Opportunity Commission ( "EEOC"). They all received a right-to-sue notice issued on February 2, 2010, as well as a letter in 2007 in which the EEOC determined that there was "reasonable cause to believe that [Local 87] discriminated against [plaintiffs] and a class of similarly situated individuals based on their race/national origin, Hispanic." FAC ¶¶ 65-79. The plaintiffs also each received a right-to-sue notice from the California Department of Fair Employment and Housing that permits suit under FEHA.

Plaintiffs then exercised their right to sue, and filed this action on April 30, 2010. The FAC's first claim for relief alleges that Local 87 violated Title VII by discriminating against the named plaintiffs and the class they represent on the basis of national origin. The second claim for relief, also for a violation of Title VII, alleges discrimination based upon national origin and/or gender. The third claim for relief alleges a violation of FEHA for discrimination based upon national origin and/or gender. Defendants move to dismiss the FAC for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative request a more definite statement under FRCP Rule 12(e). Although not stated in the caption of the motion, defendants also move to strike the use of Doe defendants as well as to dismiss the class action under FRCP Rule 23. The parties appeared for oral argument on the motion on September 2, 2010.

### III.    LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 US 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A motion to dismiss a complaint under FRCP Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

4

1  Dismissal under FRCP Rule 12(b)(6) may be based either on the "lack of a cognizable legal theory"

2  or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica*

3  *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  When evaluating such a motion, the court must

4  accept all material allegations in the complaint as true, even if doubtful, and construe them in the

5  light most favorable to the non-moving party. *Twombly*, 550 US at 570). "[C]onclusory allegations

6  of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for

7  failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also*

8  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 US at 555 ("threadbare recitals of the elements of the

9  cause of action, supported by mere conclusory statements," are not taken as true)).

10  When dismissing a complaint, leave to amend must be granted unless it is clear that the

11  complaint's deficiencies cannot be cured by amendment.  *Lucas v. Dep't of Corrections,* 66 F.3d

12  245, 248 (9th Cir.1995).  When amendment would be futile, dismissal may be ordered with

13  prejudice. *Dumas v. Kipp,* 90 F.3d 386, 393 (9th Cir.1996).  In addition, "[a] party may move for a

14  more definite statement of a pleading to which a responsive pleading is allowed but which is so

15  vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).

16  Motions for a more definite statement, however, are disfavored and are "proper only where the

17  complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted."

18  *Bender v. LG Elecs. U.S.A., Inc.*, 2010 WL 889541 at *2 (N.D. Cal. Mar. 11, 2010) (citing *Sagan v.*

19  *Apple Computer, Inc.,* 874 F.Supp. 1072, 1077 (C.D. Cal. 1994)).

20  The use of "Doe" defendants is disfavored in the Ninth Circuit.  *See Gillespie v. Civiletti,*

21  629 F.2d 637, 642 (9th Cir.1980).  Where the identity of alleged defendants cannot be known prior

22  to the filing of a complaint, however, the plaintiff should be given an opportunity through discovery

23  to identify them.  *Id*.

## IV.   DISCUSSION

24

25  A.  Claims Based Upon Gender Discrimination

26  Although the FAC focuses primarily on national origin-based discrimination, the second and

27  third claims for relief also allege violations of Title VII and FEHA, premised on gender-based

28  5

discrimination.  As to these gender-based claims, plaintiffs have failed to allege exhaustion of their administrative remedies.

To establish federal subject matter jurisdiction, plaintiffs must exhaust their EEOC administrative remedies before filing their case in federal court.  *See EEOC v. Farmer Bros. Co.,* 31 F.3d 891, 899 (9th Cir.1994) (citing *Sosa v. Hiraoka,* 920 F.2d 1451, 1456 (9th Cir. 1990)).  "The jurisdictional scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation." *Id.* (quoting *Sosa v. Hiraoka,* 920 F.2d 1451, 1456 (9th Cir.1990) (internal citations omitted)).  Although the "specific claims made in district court ordinarily must be presented to the EEOC," the district court "has jurisdiction over any charges of discrimination that are 'like or reasonably related to' the allegations made before the EEOC, as well as charges that are within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations."  *Leong v. Potter,* 347 F.3d 1117, 1122 (9th Cir. 2003) (citing *Albano v. Schering-Plough Corp.,* 912 F.2d 384, 385 (9th Cir.1990) and *Sosa,* 920 F.2d at 1456).  Claims that rely on differing theories of discrimination, however, may be unrelated.  *See id.* (EEOC investigation of alleged discrimination on basis of race, color, religion, sex, national origin, and/or age was not related to disability discrimination claim under the Rehabilitation Act); *see also Rodriguez v. Airborne Express,* 265 F.3d 890, 897 (9th Cir. 2001) (upholding dismissal of disability discrimination claim when plaintiff's complaint with the California Department of Fair Employment and Housing alleged only race-based discrimination, and finding that "[a]llegations in the civil complaint that fall outside of the scope of the administrative charge are barred for failure to exhaust."); *Stallcop v. Kaiser Found. Hosp.*, 820 F.2d 1044, 1051 (9th Cir. 1987) (finding that, even if plaintiff did use the words "sex" and "age" in bringing her complaint to the California Department of Fair Employment and Housing, the charge she actually brought was only for national origin discrimination and therefore the district court properly dismissed the sex and age discrimination claims for failure to exhaust administrative remedies).  The exhaustion of administrative remedies requirement applies equally to cases brought under Title VII as to those alleging violations of the FEHA.  *See Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1121 (1989).

Here, the FAC avers that each of the named plaintiffs filed charges of national origin discrimination against Local 87 with the EEOC, and that they all received a letter in which the EEOC determined that there was "reasonable cause to believe that [Local 87] discriminated against [plaintiffs] and a class of similarly situated individuals based on their race/national origin, Hispanic." FAC ¶¶ 65-79. Plaintiffs fail to allege that they ever raised the issue of gender discrimination with the EEOC in making their complaints. Moreover, although they argue that the FAC alleges Middle Eastern men were treated differently, they fail to offer support for the proposition that "'the original EEOC investigation would have encompassed the additional charges' made in the court complaint but not included in the EEOC charge itself." *Sosa*, 920 F.2d at 1456 (citing *Green v. Los Angeles County Superintendent of Sch.,* 883 F.2d 1472, 1480 (9th Cir.1989)). Indeed, while the gender-based claims involve alleged discrimination by Middle Eastern men against Hispanic women, four of the named plaintiffs are themselves men. Gender and national origin represent two separate theories of discrimination, and the fact that here each allegedly flowed from the same factual scenario does not make the allegations relative to gender "like or reasonably related to" the charges of national origin-based discrimination made before the EEOC. The two claims involve different kinds of alleged discrimination, and investigation into one claim would not likely lead to investigation of the other. Therefore, to the extent the second and third claims for relief are based upon alleged gender discrimination, plaintiffs have failed to exhaust their administrative remedies and the claims must be dismissed without leave to amend.

B. <u>Claims Based Upon National Origin Discrimination</u>

Under Title VII, it is unlawful "for a labor organization: (1) to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his… national origin; (2) to limit, segregate, or classify its membership or applicants for membership, or to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's… national origin; or (3) to cause or attempt to cause an employer to discriminate

7

against an individual in violation of this section." 42 U.S.C. 2000e-2(c). Similarly, labor

organizations may not "discriminate against any individual because of his… national origin in

admission to, or employment in, any program established to provide apprenticeship or other

training." 42 U.S.C. § 2000e-2(d). In Title VII cases, "Courts have recognized two bases on which

plaintiffs may proceed: disparate treatment and disparate impact." *Frank v. United Airlines, Inc.*,

216 F.3d 845, 853 (9th Cir. 2000) (citing *International Bhd. of Teamsters v. United States,* 431 U.S.

324, 335 n. 15 (1977)). Disparate treatment arises when an employer or labor union "treats some

people less favorably than others because of their ... national origin," while disparate impact means

that a practice is "facially neutral ... but ... in fact fall[s] more harshly on one group than another."

*Id.*[1]

Here, although the FAC alleges that Local 87's conduct has had a "disparate impact on

Hispanic and female members," plaintiffs point to no facially neutral practice that more harshly

impacts them than it does other groups. Indeed, at oral argument counsel for plaintiffs clarified that

this case involves only disparate treatment. Therefore, to the extent the FAC alleges disparate

impact, the motion to dismiss is granted without leave to amend.

As to the claims based upon disparate treatment, however, plaintiffs have alleged sufficient

facts to satisfy the pleading requirements of FRCP Rule 8. Contrary to defendants' assertions

otherwise, plaintiffs' allegations need not be the "more plausible" explanation of the facts, nor must

they specify the "who, what, where, when, and how" of the charged conduct; such heightened

pleading requirements are reserved for FRCP Rule 9(b) and allegations sounding in fraud. *See*

*Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). Rather than provide detailed factual

allegations, then, plaintiffs must simply state a claim that "is plausible on its face," meaning only

that the FAC's averments allow the Court "to draw the reasonable inference that the defendant[s

are] liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Here, the FAC alleges a pattern

---

[1] Title VII is the federal counterpart to FEHA, and courts may look to federal authority regarding Title VII and similar civil rights statutes when interpreting statutory provisions of that state statute. *Rodriguez v. Airborne Express*, 265 F.3d 890, 896 n. 4 (9th Cir. 2001) (citing *Mora v. Chem-Tronics, Inc.,* 16 F.Supp.2d 1192, 1201 (S.D.Cal.1998); *Yurick,* 209 Cal. App. 3d at 1121; *Baker v. Children's Hosp. Med. Ctr.,* 209 Cal. App. 3d 1057, 1063 (1989).

No. C 10-01888 RS
ORDER

of discrimination against Hispanic members of Local 87 beginning in or around 2005.  In support of these allegations, the FAC makes general averments, such as the union's failure to enforce the seniority rules for Hispanic members or its refusal to pursue grievances against employers on behalf of those members, as well as specific averments, such as specific actions taken against the named plaintiffs and discriminatory comments made by the union president and vice-president.  Accepting the FAC's material allegations as true, then, plaintiffs have presented a cognizable legal theory as well as sufficient factual allegations to state a plausible claim for relief for violations of Title VII and the FEHA.  *See id*.  Therefore, to the extent the motion to dismiss targets plaintiffs' allegations of national origin-based discrimination, it must be denied.

C.   More Definite Statement

As stated above, while a party may move for a more definite statement in response to a vague or ambiguous pleading, such motions are disfavored and are "proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." *Bender*, 2010 WL 889541 at *2.  A more definite statement is not warranted under the circumstances here.  While defendants maintain that the FAC is "devoid of any factual support," the detail with which the motion to dismiss itself summarizes the complaint's allegations indicates that the FAC does include sufficient factual particularity such that it is neither vague nor ambiguous.  Indeed, the FAC includes both general averments as to the union's behavior as well as specific allegations as to actions taken against the named plaintiffs.  Therefore, the motion for a more definite statement must be denied.

D.   Doe Defendants

The use of "Doe" defendants is generally disfavored in federal court.  *See Gillespie,* 629 F.2d at 642.  While plaintiff should be given an opportunity through discovery to identify any unknown defendants who could not be known before the filing of the complaint, plaintiffs have presented no plausible reason why denying the use of Doe defendants would prejudice them in any way here.  *Id*.  The Doe defendants are, therefore, dismissed from this action without prejudice.  Should plaintiffs learn the identity of any Doe defendants through discovery, they may move to file

9

1  an amendment to the complaint to add those individuals as named defendants. *See Brass v. County*

2  *of Los Angeles,* 328 F.3d 1192, 1195-98 (9th Cir.2003).

3      E.  <u>Class Claims</u>

4         Although defendants do not separately move the Court to deny plaintiffs' class claims,

5  peppered throughout the motion to dismiss are arguments that plaintiffs' allegations are too

6  dissimilar and too insufficiently pled for plaintiffs properly to represent a class.  While rarely courts

7  have granted motions to strike class allegations at the pleading stage when it is clear that no class

8  action can be certified, *see Sanders v. Apple Inc.*, 672 F.Supp.2d 978, 990 (N.D.Cal., 2009), the

9  arguments raised by defendants are more appropriately addressed during a motion for class

10  certification under FRCP Rule 23 than through a motion to dismiss under FRCP Rule 12(b).

11  Therefore, defendants' request to deny class certification must be denied without prejudice.

12      F.  <u>Conclusion</u>

13         For the reasons stated above, the motion to dismiss is granted without leave to amend to the

14  extent it is based upon plaintiffs' allegations of gender-based discrimination and is denied to the

15  extent it is based upon plaintiffs' allegations of national origin-based discrimination.  The motion

16  for a more definite statement is denied.  The request to dismiss plaintiffs' class claims is denied

17  without prejudice, as is the motion to dismiss the Doe defendants.

18

19      IT IS SO ORDERED.

20

21  Dated:  11/12/10

22

23                                RICHARD SEEBORG
                              UNITED STATES DISTRICT JUDGE

24

25

26

27

28                          10